**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                            **Criminal No. 2:24-cr-179**

**DEANNA L. DRUMM**

## UNITED STATES SENTENCING MEMORANDUM

COMES NOW the United States of America, by Joshua C. Hanks, Assistant United States Attorney for the Southern District of West Virginia and pursuant to this Court's Order respectfully submits this memorandum setting forth the United States' position on matters relative to sentencing in the above-styled case.

## BACKGROUND

On November 21, 2024, the Defendant pled guilty to a single-count Information charging her with Aiding and Abetting the Offer of Unregistered Securities, in violation of 15 U.S.C. §§ 77e and 77x, and 18 U.S.C. § 2. Her offense is related to *United States v. Theodore Miller* (SDWV Case No. 2:24-cr-00145). Theodore Miller was convicted of offenses arising from a complex fraud scheme through which he lured more than 180 victims to invest in real estate projects promising them at least 6% and up to 20% returns on those investments with the right to withdraw their funds within 60 days of making a request. Miller solicited investors through his social media accounts and communicated with them in various ways to include direct messaging, text, and email. He further set up a website to create investor accounts whereby his victims could deposit investment funds, track the purported growth of their investments, and submit withdrawal requests. The scheme was entirely fraudulent as Miller did not have secured interest in the real estate, he used

the investment funds for personal use and to try to keep his various failing businesses afloat and falsified the information in the investor accounts posted on the website. Miller never paid any victim the promised return, and with very few exceptions failed to pay anything at all.

The Defendant in this case is Miller's mother and worked for his companies in various capacities to include being Vice President of Operations for Bear Industries, LLC. In that capacity, she processed payments from the victims of the fraud, acted as Miller's representative while he was out of the country, helped maintain the company website, and conducted other business at Miller's direction. The facts of the case are well known to the Court and are more fully set forth in the Information, Miller's indictment, the plea agreement stipulation of facts, and the Presentence Investigation Report (PSR).

The plea agreement contains an agreement on certain aspects of the sentencing guidelines calculation which is acknowledged to not be binding on the Court. The agreement is that of a base offense level of six under USSG §2B1.1(a)(2), an increase of 12 levels under USSG §2B1.1(b)(1)(G), and an increase of two levels under USSG §§2B1.1(b)(2)(A)(i) and (ii). The parties reserved their rights to argue the applicability of a two-level enhancement under USSG §2B1.1(b)(9)(C) for violating a prior order, a two-level enhancement under USSG §§2B1.1(b)(10)(B) and (C) for the extraterritoriality/sophisticated means used to commit the fraud, and a two-level obstruction of justice enhancement under USSG §3C1.1, or any other adjustments under the sentencing guidelines. Thus, the parties agree to 20 offense levels.

Defendant objects to four enhancements of two-levels each. These are the three enhancements referenced above as well as a role enhancement under USSG §3B1.3 for abusing a position of trust. The United States agrees with the response to the objections submitted by the United States Probation Officer in the addendum to the revised PSR. Further, based upon the

Court's findings of fact in the Miller case, it applied each of the enhancements when sentencing Miller. Inasmuch as the facts in the instant case substantially are the same as those in the Miller case, the enhancements are clearly applicable.

Where Defendant's case diverges from that of Theodore Miller is in her clear and unequivocal acceptance of responsibility, her cooperative participation with the United States Probation Office and the United States Attorney's Office, and her individual circumstances considered under 18 U.S.C. § 3553(a).

Defendant is 61 years of age with no criminal history of any kind, even minor traffic violations. She is college educated with a lengthy work history to include working as a federal cybersecurity contractor which required her to work in Afghanistan for approximately two years and to hold a high-level security clearance. She is the primary caretaker for her aging parents who have significant health issues described in the PSR. She moved to West Virginia in 2018 in large part to assist her son with operating his businesses which at the time did not appear to involve fraudulent activity.

Defendant entered into a plea agreement with the United States wherein she consented to be charged by Information rather than indictment. She admitted her conduct, expressed remorse, and has already begun paying restitution by applying proceeds from the sale of her home in West Virginia toward her obligation when she moved to Michigan to care for her parents. She has complied with all terms of her bond and has made herself readily available for court hearings, consultation with counsel, and the United States Attorney's Office.

The United States will make further statements relevant to sentencing at the upcoming sentencing hearing. The United States will argue for a within-guidelines sentence as calculated by the Court after it rules upon any relevant objections or motions. Such a sentence would adequately

address the seriousness of the offense while recognizing Defendant's personal history and characteristics. Based upon her age, lack of criminal history, and post-offense conduct, the United States believes that Defendant has demonstrated a respect for the law and is unlikely to reoffend. Further, the sentence even if it includes a downward variance or departure, would still serve to deter others from engaging in similar conduct while recognizing the benefits of fully accepting responsibility and promptly seeking to make restitution to victims.

The United States has no objections to the PSR and does not intend to call witnesses at the sentencing hearing.[1]

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:

/s/Joshua C. Hanks
JOSHUA C. HANKS
Assistant United States Attorney
WV State Bar No. 8550
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: josh.hanks@usdoj.gov

---

[1] Thus far, no victims have notified the United States Attorney's Office of their desire to address the Court. Should that change, the United States will notify the Court prior to the hearing.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States Sentencing Memorandum" has been electronically filed with the Clerk of Court using the CM/ECF system which will electronically notice counsel of record.

Dated: October 1, 2025

<div style="margin-left:40%">

LISA G. JOHNSTON
Acting United States Attorney

By:

/s/Joshua C. Hanks
JOSHUA C. HANKS
Assistant United States Attorney
WV State Bar No. 8550
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: josh.hanks@usdoj.gov

</div>